IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **DONNY WOODS, et al.** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| vs. | * | Case No. 1:11-cv-02831-CCB |
| | * | |
| **ALLIEDBARTON SECURITY** | * | |
| **SERVICES LLC, et al.** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION OF DEFENDANTS ALLIEDBARTON SECURITY SERVICES LLC
AND INLAND US MANAGEMENT SERVICES LLC TO
<u>MOTION FOR LEAVE TO AMEND</u>**

The Defendants, AlliedBarton Security Services LLC and Inland US Management LLC, by their attorneys, Bacon, Thornton & Palmer, L.L.P., hereby respond in opposition to Plaintiff's Motion for Leave to Amend, and state as follows:

1. Generally, amendments to pleadings are governed by Rule 15(a), which provides that leave to amend "shall be given freely when justice so requires." Fed.R.Civ.P. 15(a). However, in cases where "a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)." *Mayes v. Rapoport,* 198 F.3d 457, 461, 462 n. 11 (4th Cir.1999). Section 1447(e) provides, "(i)f after removal the plaintiff seeks to join additional defendants *whose joinder would destroy subject matter jurisdiction,* the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e) (emphasis added).

2. When considering a motion to amend that implicates section 1447(e), the Fourth Circuit has instructed that courts should consider the following factors: (1) "the extent to which the purpose of

the amendment is to defeat federal jurisdiction"; (2) "whether the plaintiff has been dilatory" in seeking an amendment; (3) "whether the plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Mayes,* 198 F.3d at 462 (citation omitted).

3. A district judge has discretion to deny the amendment upon consideration of all equities. *McCaulley v. Purdue Pharma, L.P.,* 172 F. Supp. 2d 803, 809 (W.D. Va. 2001). When exercising that discretion, the court should "carefully scrutinize" attempts to add no diverse defendants and balance the equities. *Mayes,* 198 F.3d at 463. A significant factor in the consideration is whether the plaintiffs are forum shopping. *McCaulley,* 172 F. Supp. 2d at 809.

4. In the case at bar, the primary purpose of the Motion for Leave to Amend Complaint is to add Stephen Krocheski ("Mr. Krocheski") as a non-diverse defendant in this case and divest this Court of its subject matter jurisdiction over this case. Accordingly, this Court should not allow Plaintiffs to amend their Complaint to add Mr. Krocheski as a defendant.

5. While Mr. Krocheski was initially named as a defendant in the Complaint, Plaintiffs never bothered to effectuate service of process upon Mr. Krocheski or vacate his dismissal while the case was pending in the Circuit Court for Baltimore City.[1]   In fact, when Circuit Court for Baltimore City issued a Notice of Contemplated Dismissal, warning that the proceeding will be dismissed for lack of jurisdiction without prejudice as to Mr. Krocheski 30 days after service of the notice "unless, prior to that time, a written motion showing good cause to defer the entry of an order of dismissal is filed," Plaintiff did not take any actions to defer the entry of an order of dismissal.   *See* Case Information from

---

[1] The argument of Counsel for Plaintiffs in the previously filed Motion to Remand that the failure to timely serve Mr. Krocheski was caused by evasion of service on the part of Mr. Krocheski is disingenuous at best.  No affidavit of non-service or due diligence has ever been filed with the Circuit Court pursuant to Rule 2-121(b) of the Maryland Rules of Civil Procedure. Furthermore, Counsel has never once moved for alternate service in the Circuit Court even though he had nearly six months to do so since the summons expired on or about May 30, 2011.

the Maryland Judiciary Case Search indicating the entry of dismissal on the docket, attached as Exhibit C to the previously filed Opposition to Motion to Remand to State Court, p. 3.[2]  Likewise, when Mr. Krocheski was dismissed without prejudice from the case on September 9, 2011, Plaintiffs did not seek to vacate the dismissal.  *See Id.*  It was not until this case was removed to this Court that the Plaintiffs desperately attempted to "serve" Mr. Krocheski with an invalid summons, procured by circumventing the procedural requirements, so that they would have some basis to argue for a remand of this case to the Circuit Court.  *See* Pls.' Mot. to Remand, p. 2.  Plaintiffs have had every opportunity to vacate the dismissal and add Mr. Krocheski back into the case prior to the removal of this case to this Court; yet, they did not until after the notice of removal was filed in this case.  Plaintiffs have been dilatory in seeking an amendment and the timing of their Motion raises a red flag that Plaintiffs may be forum shopping. *Mayes*, 198 F. 3d at 463.

      6.    Plaintiffs contend that it is nonsensical to assert that they are forum shopping when Mr. Krocheski was originally named in the Complaint. That may be true if Plaintiffs made any effort to serve Mr. Krocheski or vacate the entry of dismissal prior to the removal of this action to this Court; however, Plaintiffs made absolutely no effort to keep Mr. Krocheski as a defendant or vacate his dismissal while the case was pending in the Circuit Court.  The attempt of Plaintiffs to add Mr. Krocheski now, only after the case was removed to this Court, suggests that the Motion for Leave to Amend is motivated by their desire to avoid federal jurisdiction in this case.

      7.    Plaintiffs argue that it is Defendants who are "forum shopping" because they have removed the case and now seek to remain in this Court.  This argument, however, ignores the fact that

---

[2]  The Clerk of the Circuit Court for Baltimore City informed the Undersigned that the court does not issue a copy of the order of dismissal entered pursuant to 2-507(f).

the right of removal "is at least as important as the plaintiff's right to the forum of his choice." *McKinney v. Bd. of Tr. of Maryland Cmty. Coll.,* 955 F.2d 924, 927 (4th Cir.1992). The very fact that Congress has provided defendants with the right of removal indicates that the removal right "is at least as important as the plaintiff's right to the forum of his choice." *Id.* Defendants have a keen interest in keeping this action in federal court, which should not be "easily overcome by tactical maneuvering by plaintiffs." *McKinney v. Bd. of Trs.,* 955 F.2d 924, 927 (4th Cir.1992).

WHEREFORE, the Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion for Leave to Amend Complaint.

BACON, THORNTON & PALMER, L.L.P.

By: /s/ Claire J. Kim_____
Edward C. Bacon, Bar #01256
Claire J. Kim, Bar #17204
6411 Ivy Lane
Suite 500
Greenbelt, MD 20770
Office: (301) 345-7001
Facsimile: (301) 345-7075
E-mail: EBacon@lawbtp.com
E-mail: Ckim@lawbtp.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 27th day of January, 2012, a copy of the foregoing Opposition to Motion for Leave to Amend was served via electronic case filing, upon:

    Orlando J. Mayo, Esq.
    orlando@mayolawgroup.com
    200 East Lexington Street
    Suite 1414
    Baltimore, MD   21202

    /s/ Claire J. Kim_____
    Claire J. Kim